UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| Omar H. Morales | ) | |
| | ) | |
| | ) | |
| Plaintiff | ) | Case No. RWT-11-cv-02226 |
| | ) | |
| v. | ) | |
| | ) | |
| Mexican Grill, LLC, and | ) | |
| Nicolasa Delgado | ) | |
| | ) | |
| Defendants | ) | |
| _____ | ) | |

**<u>ANSWER TO COMPLAINT</u>**

COMES NOW, Defendants, Mexican Grill, LLC, and Nicolasa Delgado by and through undersigned counsel answers the Complaint filed by Plaintiff, Omar H. Morales, and state as follows:

1. Defendants lacks sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint.

2. Defendants admit the allegations stated in Paragraph 2 of the Complaint.

3. Defendant, Delgado admits that she is the President of Mexican Grill, LLC. Except as expressly admitted and alleged herein, Defendant denies each and every allegation set forth in Paragraph 3 of the Complaint.

4. Defendants admit the it operates a Mexican restaurant in Poolesville, Maryland. Except as expressly admitted and alleged herein, Defendants deny each and every allegation set forth in Paragraph 4 of the Complaint.

5. Defendants deny each and every allegation set forth in Paragraph 5 of the Complaint.

6. Defendants deny each and every allegation set forth in Paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint consists of legal conclusions to which no response is required.

8. Defendants deny each and every allegation set forth in Paragraph 8 of the Complaint.

9. Defendants admit the allegations set forth in Paragraph 9 of the Complaint.

10. Defendants deny each and every allegation set forth in Paragraph 10 of the Complaint.

11. Defendants deny each and every allegation set forth in Paragraph 11 of the Complaint.

12. Defendants deny each and every allegation set forth in Paragraph 12 of the Complaint.

13. Defendants deny each and every allegation set forth in Paragraph 13 of the Complaint.

14. Defendants deny each and every allegation set forth in Paragraph 14 of the Complaint.

15. Defendants deny each and every allegation set forth in Paragraph 15 of the Complaint.

16. Defendants deny each and every allegation set forth in Paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint consists of representations by the plaintiff and legal conclusions to which no response is required.

18. Defendants deny each and every allegation set forth in Paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint consists of representations by the plaintiff to which no response is required.

20. Paragraph 20 of the Complaint consists of representations by the plaintiff and legal conclusions to which no response is required.

21. Defendants deny each and every allegation set forth in Paragraph 21 of the Complaint.

22. Defendants deny each and every allegation set forth in Paragraph 22 of the Complaint.

23. Defendants deny each and every allegation set forth in Paragraph 23 of the Complaint.

24. Defendants deny each and every allegation set forth in Paragraph 24 of the Complaint.

25. Defendants deny each and every allegation set forth in Paragraph 25 of the Complaint.

26. Answering the unnumbered paragraph immediately following Paragraph 25 of the Complaint which begins "WHEREFORE, Defendants are liable to Plaintiff," Defendants deny each and every allegation set forth in the unnumbered paragraph of the Complaint, and denies that the plaintiff is entitled to any relief whatsoever. Further, Defendants deny each and every allegation of the Complaint not expressly admitted herein.

27. Paragraph 26 of the Complaint consists of representations by the plaintiff to which no response is required.

28. Paragraph 27 of the Complaint consists of representations by the plaintiff and legal conclusions to which no response is required.

29. Defendants deny each and every allegation set forth in Paragraph 28 of the Complaint.

30. Defendants deny each and every allegation set forth in Paragraph 29 of the Complaint.

31. Defendants deny each and every allegation set forth in Paragraph 30 of the Complaint.

32. Defendants deny each and every allegation set forth in Paragraph 31 of the Complaint.

33. Defendants deny each and every allegation set forth in Paragraph 32 of the Complaint.

34. Answering the unnumbered paragraph immediately following Paragraph 32 of the Complaint which begins "WHEREFORE, Defendants are liable to Plaintiff," Defendants deny each and every allegation set forth in the unnumbered paragraph of the Complaint, and denies that the plaintiff is entitled to any relief whatsoever. Further, Defendants deny each and every allegation of the Complaint not expressly admitted herein.

35. Paragraph 33 of the Complaint consists of representations by the plaintiff to which no response is required.

36. Defendants deny each and every allegation set forth in Paragraph 34 of the Complaint.

37. Defendants deny each and every allegation set forth in Paragraph 35 of the Complaint.

38. Defendants deny each and every allegation set forth in Paragraph 36 of the Complaint.

39. Defendants deny each and every allegation set forth in Paragraph 37 of the Complaint.

40. Defendants deny each and every allegation set forth in Paragraph 38 of the Complaint.

41. Answering the unnumbered paragraph immediately following Paragraph 38 of the Complaint which begins "WHEREFORE, Defendants are liable to Plaintiff," Defendants deny each and every allegation set forth in the unnumbered paragraph of the Complaint, and denies that the plaintiff is entitled to any relief whatsoever. Further, Defendants deny each and every allegation of the Complaint not expressly admitted herein.

42. Paragraph 39 of the Complaint consists of representations by the plaintiff to which no response is required.

43. Paragraph 40 of the Complaint consists of representations by the plaintiff and legal conclusions to which no response is required.

44. Paragraph 41 of the Complaint consists of representations by the plaintiff and legal conclusions to which no response is required.

45. Paragraph 42 of the Complaint consists of representations by the plaintiff and legal conclusions to which no response is required.

46. Defendants deny each and every allegation set forth in Paragraph 43 of the Complaint.

47. Defendants deny each and every allegation set forth in Paragraph 44 of the Complaint.

48. Defendants deny each and every allegation set forth in Paragraph 45 of the Complaint.

49. Defendants deny each and every allegation set forth in Paragraph 46 of the Complaint.

50. Answering the unnumbered paragraph immediately following Paragraph 46 of the Complaint which begins "WHEREFORE, Defendants are liable to Plaintiff," Defendants deny each and every allegation set forth in the unnumbered paragraph of the Complaint, and denies that the plaintiff is entitled to any relief whatsoever. Further, Defendants deny each and every allegation of the Complaint not expressly admitted herein.

## DEFENDANT'S AFFIRMATIVE DEFENSES

FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Some or all of the claims asserted in the Complaint are barred by the equitable doctrines of laches, waiver, estoppel and/or unclean hands.

THIRD DEFENSE

The Complaint is barred to the extent that the plaintiff lacks standing to raise some or all of the claims.

FOURTH DEFENSE

The Complaint is barred because the plaintiff is exempt from the overtime requirements of the Fair Labor Standards Act, 29 U.S.C.A. §§ 201 *et seq.*, (F.L.S.A.).

FIFTH DEFENSE

The Complaint is barred because the plaintiff is exempt from the overtime requirements of the Maryland Code Annotated, Labor and Employment Article Sections 3-401 *et seq.,* (M.C.L.E.).

SIXTH DEFENSE

The plaintiff is precluded from recovering any amounts from Defendant where Defendant has paid the plaintiff all sums legally due under the F.L.S.A. and M.C.L.E.

SEVENTH DEFENSE

The Complaint and each purported cause of action contained therein, is barred to the extent that the plaintiff misperformed his respective duties, and failed to perform those duties which Defendant realistically expected her to perform.

EIGHTH DEFENSE

With respect to some or all claims brought or allegedly brought by the plaintiff, Defendant affirmatively pleads that any act(s) and/or omission(s) which may be found to be in violation of the rights afforded by the F.L.S.A. and M.C.L.E. were not willful but occurred in good faith with reasonable grounds for believing that it was in full compliance with the F.L.S.A. and M.C.L.E.

NINTH DEFENSE

The Complaint fails to state a claim upon which relief may be granted that provides for compensatory, consequential or liquidated damages, or any other damages, costs or fees allowed by the F.L.S.A. and M.C.L.E.

TENTH DEFENSE

The plaintiff may not recover liquidated damages, because: (1) Defendant, Mexican Grill, LLC, and all of its officers, directors, managers, or agents acted at all times in good faith and did not commit any willful violation of any of the F.L.S.A. and M.C.L.E.; (2) Defendant (including its officers, directors, managers, and agents) did not authorize or ratify any such willful violation with respect to the plaintiff; and (3) The plaintiff has failed to plead facts sufficient to support recovery of such damages.

ELEVENTH DEFENSE

The plaintiff is precluded from recovering any liquidated damages from Defendant where Defendant has, at all times, acted in good faith and paid all sums considered to be legally due in good faith reliance on the F.L.S.A and M.C.L.E.

TWELFTH DEFENSE

Some or all of the disputed time is not compensable pursuant to the provisions of the Portal-to-Portal Act of 1947.

**THE DEFENDANT'S PRAYER FOR RELIEF**

Except as expressly admitted and alleged herein, Defendant denies each and every allegation set forth in the Complaint and denies that the plaintiff is entitled to any relief whatsoever.

WHEREFORE, having fully answered and responded to the allegations of the Complaint, Defendants respectfully requests that:

1. The plaintiff's claims be dismissed with prejudice in their entirety;

2. Each and every prayer for relief contained in the Complaint be denied;

3. Judgment be entered in favor of Defendants;

4. All costs, including reasonable attorneys' fees, be awarded to Defendants and against the plaintiff pursuant to applicable laws; and

5. Defendants have such other and further relief as this Court may deem just and proper.

        Respectfully Submitted,

        Law Offices of Kevin M. Tabe, PC

        _____/s/_____

        BY: Kevin M. Tabe, Esq.
        Bar #: 17958
        7207 Hanover Parkway, Ste. C/D
        Greenbelt, MD 20770
        Tel: 240-965-4960
        Facsimile: 301-982-0154

        Attorney for Defendants

December 22, 2011

**PROOF OF SERVICE**

    The undersigned certifies that a copy of the preceding document was served on Greg C. Greenberg, Esq., the attorney of record for the Plaintiff by USPS First Class Mail, on December 22, 2011, at:

        8403 Colesville Road, Ste. 610
        Silver Spring, MD 20910


        _____/s/_____
        Kevin M. Tabe, Esq.
        Bar #: 17958
        7207 Hanover Parkway, Ste. C/D
        Greenbelt, MD 20770
        Tel: 240-965-4960
        Facsimile: 240-965-1738

        Attorney for Petitioner